IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>MICHAEL RAY FRIDAY,<br><br>                      Debtor. | Case No. 24-12364-JDL<br>(Chapter 7) |
| FUSION INDUSTRIES, LLC AND<br>K&M HIGHLINE SERVICES, LLC,<br><br>                      Plaintiff,<br><br>vs.<br><br>MICHAEL RAY FRIDAY,<br><br>                      Defendant. | Adv. Pro. No. 24-1076 JDL |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
WITH BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14* days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response is timely filed, the Court may grant the requested relief without a hearing or further notice.

    **\*The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

    Comes now, Michael Ray Friday ("Defendant"), and seeks dismissal of Plaintiff's

*Complaint Requesting An Exception To Discharge Pursuant to 11 U.S.C. § 523*, filed November

18, 2024 (the "*Complaint*") pursuant to Bankruptcy Rules 4004(a) and 7012, and Fed. R. Civ. P.

1

12(b)(6), and respectfully requests that this Court dismiss the *Complaint* for failing to state a claim upon which relief can be granted. In support, Defendant states as follows:

## BACKGROUND

The *Complaint* attempts to set forth several causes of action, including 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6) and (a)(19)(A)(ii), all of which are only listed in ¶ 8 of the *Complaint*.[1] However, Plaintiff fails to further specify the applicable subsections for each claim. Plaintiff has made blanket requests in an effort to find exceptions to Debtor's dischargeability that is insufficient to be granted relief under Fed. R. Bankr. P. 7012(b). The *Complaint* must be dismissed because it has failed to sufficiently state a claim for which relief may be granted.

## BRIEF IN SUPPORT

Plaintiff bears the burden to frame the *Complaint* with enough factual matter to suggest that it is entitled to relief. See, *Robbins v. Oklahoma ex rel. Okla. Dep't of Human Serv.*, 519 F.3d 1242, 1247 (10th Cir. 2008).  To survive a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, made applicable here pursuant to Fed. R. Bankr. P. 7012(b), Plaintiff "…must include in the complaint 'enough facts to state a claim to relief that is plausible on its face.'" See, *Barenburg v. Burton* (*In re Burton*), 2010 WL 3422584 (10th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This standard requires that factual allegations contained in an adversary complaint be sufficient to raise a right to relief above mere speculation. *Twombly*, 550 U.S. at 555; see also, *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating complaint must give the court reason to believe the plaintiff has a reasonable likelihood of mustering factual support for the claims raised).  Bare legal conclusions

---

[1] The *Complaint* also states in the opening paragraph that this matter is brought "…pursuant to 11 U.S.C. § 1328(c)(2)." Because Debtor filed chapter 7, 11 U.S.C. § 1328(c)(2) is not applicable.

and simple recitations of the elements of a cause of action do not satisfy this standard. *Twombly*, 550 U.S. at 555.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly,* to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins,* 519 F.3d at 1247. Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins*, 519 F.3d at 1247 (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins*, 519 F.3d at 1247. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins*, 519 F.3d at 1248. The Tenth Circuit has instructed "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and whether a defendant receives fair notice "depends on the type of case." *Robbins*, 519 F.3d at 1248.

The *Complaint* is a shotgun approach that fails to specify what subsection of 523 Plaintiff seeks to have its debt excepted from discharge. Courts within the Tenth Circuit:

"strongly criticize[ ] the use of 'shotgun pleading,' by which a party pleads several counts or causes of action, each of which incorporates by reference the entirety of its predecessors," as such method "places an inordinate burden on the party responding to that pleading, and on the Court interpreting it, requiring them to parse the narrative repeatedly and attempt to independently extract the particular factual averments that are relevant to each individual claim." *Goode v. Nuance Commc'n, Inc.,* 2018 WL 3371091, at *6 (N.D. Okla. July 10, 2018) (quoting *Greenway*

*Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1242-43 (D. Colo. 2014)); see also, *Williams v. Berryhill*, 2018 WL 2234902, at *2 n.17 (D. Utah May 16, 2018); *Cook v. Baca*, 2011 WL 13157059, at *3 n.1 (D. N.M. July 8, 2011); *Allbrandt v. Bank of Am., N.A.*, 2015 WL 1186660, at *7 (D. Colo. Mar. 12, 2015). See also, *Teague & Wetsel, PLLC v. Morain* (*In re Morain*), No. 23-11267-SAH, 2023 Bankr. LEXIS 2407 (Bankr. W.D. Okla. Sep. 29, 2023).

Plaintiff has instead listed several statutes under which they hope to seek relief but has failed to identify the specific subsections within each statute, leaving unclear the specific claims that Defendant is expected to answer. For example, the *Complaint* cites §523(a)(2). But, §523(a)(2) has two (2) subsections, (a)(2)(A) and (a)(2)(B).[2] 523(a)(2)(A) excepts from discharge any debt obtained by "…false pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 523(a)(2)(B) excepts from discharge any debt obtained by "…use of a statement in writing, that is materially false, respecting the debtor's or an insider's financial condition, on which the creditor…reasonably relied and that debtor caused to be made or published with intent to deceive." The elements that must be proven under 523(a)(2)(A) are different than the elements that must be proven under 523(a)(2)(B).

The *Complaint* also cites § 523(a)(4). 11 U.S.C. § 523(a)(4) excepts from discharge debts for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. Is Plaintiff seeking to have its debt determined to be nondischargeable based on an alleged defalcation while acting in a fiduciary capacity? Embezzlement? Larceny? The elements to except a debt from discharge based on defalcation while acting in a fiduciary capacity are different than the elements of embezzlement. The elements to except a debt from discharge based on

---

[2] 11 U.S.C. § 523 also contains (a)(2)(C), which subsection only applies to certain consumer debts and is not applicable to this case.

4

embezzlement are different than the elements of larceny. The *Complaint* that does not provide any specificity for Defendant to determine if § 523(a)(4) is applicable. The *Complaint* offers an array of facts that do not support Plaintiff's blanket request to determine that its debt is nondischargeable.

      To state a claim, the *Complaint* must explain who is being sued, the specific claims being asserted, the specific facts supporting each claim, and what Defendant did that violated Plaintiff's rights. See, *Perrian v. Coons*, 2015 WL 1539022, *6 (D. Colo. 2015) (citing *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007)).  Plaintiff did not do this; instead, the *Complaint* "foists off one of the pleading lawyer's critical tasks – sifting a mountain of facts down to a handful of those that are relevant to a given claim – onto the reader." *Allbrandt*, 2015 WL 1186660, at *7 (quoting *Int'l Acad. Of Bus. & Fin. Mgmt., Ltd. v. Mentz*, 2013 WL 212640, at *7 (D. Colo. Jan. 18, 2013)).

WHEREFORE, PREMISES CONSIDERED, Defendant requests the Court dismiss Plaintiffs' *Complaint* and for such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

/s/ Gary D. Hammond
Gary D. Hammond, OBA# 13825
HAMMOND LAW FIRM
512 N.W. 12th Street
Oklahoma City, OK  73103
405.216.0007 - Phone
405.232.6358 - Fax
gary@okatty.com - Email
**ATTORNEY FOR DEFENDANT**

-and-

/s/ Amanda R. Blackwood
Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
512 NW 12th Street
Oklahoma City, OK 73103
405.309.3600 -Telephone
405.378.4466 – Facsimile
amanda@blackwoodlawfirm.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on December 26, 2024, I electronically transmitted this document to the Clerk of the Court using the ECF System for filing, and the foregoing document has been electronically served on that day via CM/ECF on the following:

Terry Stokes
1503 E. 19th Street
Edmond, OK 73013

/s/ Gary D. Hammond
Gary D. Hammond

6