**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

IN RE:

MICHAEL RAY FRIDAY,

Case No. 24-12364-JDL
(Chapter 7)

Debtor.

FUSION INDUSTRIES, LLC AND
K&M HIGHLINE SERVICES, LLC,

Plaintiff,

vs.

Adv. Pro. No. 24-1076 JDL

MICHAEL RAY FRIDAY,

Defendant/Debtor.

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT REQUESTING AN**
**EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523**

COMES NOW, Michael Ray Friday ("Defendant") and files this *Answer To Plaintiffs'*

*Complaint Requesting An Exception To Discharge Pursuant To 11 U.S.C. § 523* filed November

18, 2024 [Doc 1] ("*Plaintiffs' Complaint*"). Defendant consents to the entry of final orders or

judgments by the Court pursuant to F. R. Bankr. 7012. In response to *Plaintiffs' Complaint*,

Defendant submits the following answers:

1. Defendant is without sufficient information to admit or deny the allegations of paragraph
   one (1) and therefore denies the allegation and demands strict proof.

2. Defendant is without sufficient information to admit or deny the allegations of paragraph
   two (2) and therefore denies the allegation and demands strict proof.

3. Admitted.

1

4.  Plaintiffs cite the relevant provisions governing adversary proceedings and paragraph four (4) does not require a response.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted in part and denied in part. Pursuant to the Court's *Order Denying in Part and Granting in Part Defendant's Motion to Dismiss* filed March 21, 2025 [Doc. 27] Plaintiffs' claims are now limited to 11 U.S.C. § 1328(c)(2) as well as 11 U.S.C. §§ 523(a)(2)(A), (a)(6), and (a)(19)(A)(ii), in addition to Rules 4002, 4004, 4005, 4006, 4007, and 7001 of the Federal Rules of Bankruptcy Procedure. Defendant denies that 11 U.S.C. § 1328(c)(2) is applicable in this proceeding.

9.  The allegations of paragraph nine (9) do not require a response. To the extent the allegations seek to impose liability on Defendant for any claims, Defendant denies the allegations and demands strict proof.

10. Admitted.

11. Debtor admits the parties entered into the Purchase Agreement, the terms of which speak for themselves and do not require Debtor to admit or deny the allegations. To the extent the allegations seek to impose liability on Debtor then Debtor denies the allegations and demands strict proof.

12. Debtor admits the parties entered into the Purchase Agreement, the terms of which speak for themselves and do not require Debtor to admit or deny the allegations. To the extent the allegations seek to impose liability on Debtor then Debtor denies the allegations and demands strict proof.

13. Debtor admits the parties entered into the Purchase Agreement, the terms of which speak for themselves and do not require Debtor to admit or deny the allegations. To the extent the allegations seek to impose liability on Debtor then Debtor denies the allegations and demands strict proof.

14. Debtor admits the parties entered into the Purchase Agreement, the terms of which speak for themselves and do not require Debtor to admit or deny the allegations. To the extent the allegations seek to impose liability on Debtor then Debtor denies the allegations and demands strict proof.

15. Debtor admits the parties entered into the Purchase Agreement, the terms of which speak for themselves and do not require Debtor to admit or deny the allegations. To the extent the allegations seek to impose liability on Debtor then Debtor denies the allegations and demands strict proof.

16. Debtor admits the parties entered into the Purchase Agreement, the terms of which speak for themselves and do not require Debtor to admit or deny the allegations. To the extent the allegations seek to impose liability on Debtor then Debtor denies the allegations and demands strict proof.

17. Defendant is without sufficient information to admit or deny the allegations of paragraph eighteen (18) and therefore denies the allegation and demands strict proof.

18. Defendant is without sufficient information to admit or deny the allegations of paragraph eighteen (18) and therefore denies the allegation and demands strict proof.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted.

25. Admitted.

26. Denied.

27. Defendant admits that a Dissolution of Marriage action was filed. Defendant denies the remaining allegations of paragraph twenty-seven (27).

28. Admitted.

29. Defendant is without sufficient information to admit or deny the allegations of paragraph twenty-nine (29) and therefore denies the allegations and demands strict proof.

30. Denied.

31. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Defendant is without sufficient information to admit or deny the allegations of paragraph 32(d) and therefore denies the allegations and demands strict proof.

    e. Denied.

    f. Denied.

    g. Denied.

    h. Denied.

    i. Denied.

    j. Denied.

k. Defendant is without sufficient information to admit or deny the allegations of paragraph 32(k) and therefore denies the allegations and demands strict proof.

32. Denied.

33. Denied.

34. Denied.

## **AFFIRMATIVE DEFENSES**

1. Discharge in bankruptcy.

Defendant reserves the right to add other affirmative defenses as they become known through discovery.

WHEREFORE, having fully answered *Plaintiffs' Complaint*, Defendant requests that this Court deny the relief requested by Plaintiffs and determine Defendant's debt dischargeable and for any other relief that the Court deems equitable.

Respectfully Submitted,

/s/ Gary D. Hammond
Gary D. Hammond, OBA# 13825
HAMMOND LAW FIRM
512 N.W. 12th Street
Oklahoma City, OK  73103
405.216.0007 - Telephone
405.232.6358 - Facsimile
gary@okatty.com - Email
**ATTORNEY FOR DEFENDANT**

/s/ Amanda R. Blackwood
Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
512 NW 12th Street
Oklahoma City, OK 73103
405.309.3600 -Telephone

405.378.4466 – Facsimile

amanda@blackwoodlawfirm.com – Email
**ATTORNEY FOR DEFENDANT**


## CERTIFICATE OF MAILING

I certify that on April 24, 2025, a true and correct copy of this document was electronically served using the CM/ECF system on the following:

Office of the United States Trustee
Terry Stokes

And all other persons receiving electronic notice through the CM/ECF system.


/s/ Amanda R. Blackwood
Amanda R. Blackwood

6