**Dated: January 14, 2026**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Michael Ray Friday, | ) | Case No.  24-12364-JDL |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| Fusion Industries, LLC and | ) | |
| K&M Highline Services, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adv. No. 24-1076-JDL |
| v. | ) | |
| | ) | |
| Michael Ray Friday, | ) | |
| | ) | |
| Defendant. | ) | |

### SCHEDULING ORDER
Judge Janice D. Loyd

Conference Date: January 14, 2026               Trial Date: September 16, 2026

Appearing for Plaintiffs:    Terry Stokes

Appearing for Defendant:  Amanda R. Blackwood and Gary D. Hammond

1

The following dates and deadlines are set by the Court:

1.  Deadline to complete all discovery: **May 1, 2026**

    * Responses to written discovery requests must be due before the discovery deadline.  Depositions must be concluded, although not necessarily transcribed, before the discovery deadline.

2.  Deadline for all parties to file final lists of witnesses, including expert witnesses, together with addresses and a  brief summary of expected testimony where witness has not been deposed: * **May 15, 2026**

3.  Deadline for all parties to file final exhibit lists and to exchange any exhibits not previously furnished to opposing counsel or pro se party, including but not limited to all expert witness reports: * **May 15, 2026**

    * The final lists of witnesses and exhibits shall be in the form of a pleading filed with the Clerk of this Court and properly served on all parties in interest, identifying the same as the party's final lists of witnesses and exhibits.  Except for reasons of manifest injustice, no witness who is not identified on the final list of witnesses shall be permitted to testify, and no exhibit that is not identified on the final list of exhibits and is not exchanged as set forth above shall be received into evidence.  The requirement of advance identification of witnesses and identification and exchange of exhibits does not apply to witnesses and exhibits presented only for the purpose of impeachment or rebuttal.

4.  Deadline to file dispositive motions, including motions for summary judgment (responses or objections to such motions shall be filed in accordance with the Local Rule 9013-1): **June 1, 2026**

5.  Deadline to file objections to expert testimony: **June 12, 2026**

6.  Deadline to file motions in limine: **June 12, 2026**

7.  Deadline to file objections to motions in limine: **June 22, 2026**

8.  Deadline to submit proposed Final Pretrial Order, approved by all counsel in accordance with Local Rule 7016-1.D: * **September 4, 2026**

    * Unless otherwise ordered, plaintiff's counsel is responsible for initially preparing, circulating, and submitting the Final Pretrial Order.  Opposing counsel shall cooperate fully in the preparation of the Final Pretrial Order.  Failure to timely submit a joint Final Pretrial Order as required by this Order and/or failure to participate in good faith with opposing counsel concerning the preparation of the Final Pretrial

Order may be grounds for sanctions, including, without limitation, the following: striking of a pleading or trial, entry of default judgment, assessment of expenses and fees (against a party or an attorney individually), or such other order as the Court may deem just and appropriate.  Failure of plaintiff's counsel to timely initiate the preparation of the Final Pretrial Order does not excuse defendant's counsel from timely submitting such an order on behalf of defendant.  Failure of defendant's counsel to cooperate in the timely preparation of the Final Pretrial Order does not excuse plaintiff's counsel from timely submitting a Final Pretrial Order on plaintiff's behalf.  **The Final Pretrial Order, when approved by the Court, shall constitute an order of the Court as to all matters contained therein and shall govern the trial of the case, superseding the prior pleadings.  Fed. R. Bankr. P. 7016.**

At a **minimum**, the Final Pretrial Order shall contain:

A.      The legal and factual issues to be tried;

B.      The respective contentions of the parties;

C.      The witnesses to be called and a brief summary of the anticipated testimony from each witness;

D.      The exhibits to be offered (exhibits not listed in the Final Pretrial Order will not be received into evidence except as may be necessary to prevent manifest injustice);

E.      A statement explaining any and all objections to each exhibit listed with references to the appropriate Federal Rule of Evidence and case authorities to support each objection;

F.      All stipulations of the parties;

G.      The likelihood of settlement;

H.      A realistic estimate of the amount of time required to try the matter;

I.      Signatures from all attorneys of the parties as to the accuracy of the Final Pretrial Order; and

J.      An appendix prepared by each party's attorney containing a **brief** chronology of the essential materials and relevant events concerning the matter (the parties are directed to the Local Rules for an example of this requirement).

9.    Deadline to mark and exchange (with opposing counsel or party(ies)) trial exhibits and to provide **three** marked sets of trial exhibits to the Court, **one** of which will be the witness copy: five (5) business days prior to trial.

10.   Trial Date: **September 16, 2026 at 9:30 A.M.**

11.   Trial briefs and proposed findings of fact and conclusions of law are not required unless specifically requested by the Court.

12.   Stipulations of fact are strongly encouraged and may be submitted at any time. However, any stipulations agreed to before trial should be included in the Final Pretrial Order.

13.   Additional time for the performance of an act required or allowed to be done in this Order shall not be granted except for good cause.  All requests must meet the requirements of the Local Rules.  Local Rules 9006-1 and 9013-1.

14.   Continuances of the trial date shall not be granted except for compelling reasons. Further, in the absence of unforeseeable personal reasons, continuances shall not be granted within 20 days prior to the trial date.

15.   Settlements or other dispositions of this adversary proceeding must be communicated to the Court immediately and the necessary papers tendered as soon as practicable.

16.   Parties not represented by counsel are advised that the requirements of this Order, the Local Rules, the Federal Rules of Bankruptcy Procedure and the Federal Rules of Evidence are not lessened because they are not represented by counsel.  All pro se parties are advised to obtain the advice and services of an attorney.

17.   **WILLFUL AND DELIBERATE FAILURE OF A PARTY OR COUNSEL TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER OR TO COOPERATE WITH THE OPPOSING PARTY OR COUNSEL IN COMPLYING WITH THIS ORDER MAY BE CAUSE FOR APPROPRIATE SANCTIONS.**

# # #